IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BERNICE HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 116-143 |
| ) | |
| BURLINGTON COAT FACTORY OF ) | |
| GEORGIA, LLC, and ) | |
| BRIXMOR AUGUSTA WEST ) | |
| PLAZA, LLC, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff alleges negligence by Defendants caused her to slip and fall while shopping at the Burlington Coat Factory store in Augusta, Georgia. (See doc. no. 18, pp. 5-6, Amd. Compl.) Plaintiff originally filed this action in the Superior Court of Richmond County, and Defendants filed a notice of removal on July 1, 2016, asserting diversity of citizenship and an amount in controversy that exceeds $75,000, exclusive of interest and costs. (Doc. no. 1, p. 6.)

Although there is no specific amount of damages claimed in the original complaint and the amended complaint asserts $8,598.08 in identified damages, (see doc. no. 1, p. 16; Amd. Compl. ¶ 20), Defendants contend it is facially apparent that Plaintiff asserts damages sufficient to satisfy the $75,000 requirement. For example, Plaintiff seeks past and future medical expenses, mental anguish, and physical pain and suffering. (Amd. Compl. ¶ 20.) Plaintiff also claims damages for impairment of bodily health and vigor and permanent

impairment. (Id.) Plaintiff further claims entitlement to "special, general, and punitive damages, prejudgment and post-judgment interest, attorney fees and post judgment interest, attorney's fees and costs." (Id.) Although Plaintiff claimed lost wages in her original complaint, (Compl. ¶ 14), Plaintiff drops that claim for damages in her amended complaint.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

Here, Plaintiff did not request a specific amount of damages in the original complaint and states only $8,598.08 in identified damages in the amended complaint. The basis in the notice of removal for satisfaction of amount in controversy is the general listing of damages sought. Thus, it is not facially apparent from the complaint or amended complaint that her claim exceeds the amount-in-controversy requirement. Further, the notice of removal does not provide any additional information as to how this case meets the jurisdictional threshold. Accordingly, the Court will hold a hearing on September 12, 2016, at 2:00 p.m., in Courtroom One at the Federal Justice Center, 600 James Brown Boulevard, in Augusta,

Georgia, to allow Defendants to come forward and produce evidence demonstrating this case exceeds the jurisdictional amount.

SO ORDERED this 31st day of August, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA